627 F.2d 677
 Mary D. HAAS and John Mitchell, Individually and on behalf
of all other persons similarly situated
v.
PITTSBURGH NATIONAL BANK, Mellon Bank, N. A., Equibank, N.
A., all national banking corporations.
Appeal of Allen N. BRUNWASSER.
 No. 79-2028.
 United States Court of Appeals,
Third Circuit.
 Argued July 8, 1980.
Decided Aug. 21, 1980.
 
 H. Woodruff Turner (argued), David A. Borkovic, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., guardian ad litem and for plaintiff class.
 Michael P. Malakoff, Louise R. Malakoff, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, Pa., Allen D. Black (argued), Eleanor W. Myers, Fine, Kaplan & Black, Philadelphia, Pa., for fee petitioners.
 Before SEITZ, Chief Judge, ADAMS, Circuit Judge, and LORD, District Judge.*
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 This is an appeal by a member of the plaintiff class, Allen N. Brunwasser, from an order, 82 F.R.D. 457, in which the district judge recused himself on his own motion from continuing to preside over a hearing to determine the amount of attorneys' fees to be awarded counsel for the plaintiff class from the proceeds of a settlement in favor of that class. After entering the recusal order, the district judge, at the request of appellant Brunwasser, certified this appeal under 28 U.S.C. § 1292(b) (1976), and this court accepted the appeal. There is no challenge to Brunwasser's standing to pursue this appeal.
 
 I.
 
 2
 The named plaintiffs, Mary E. Haas and John Mitchell, brought this action against Pittsburgh National Bank, Mellon Bank, and Equibank. They challenged the method by which the defendant banks computed the service charges on their customers' Master Charge and BankAmericard revolving charge accounts. The district court certified the case as a class action on August 6, 1973, and then granted summary judgment in favor of the defendants on September 25, 1974. See Haas v. Pittsburgh National Bank, 381 F.Supp. 801 (W.D.Pa.1974). This court reversed the district court's grant of summary judgment and remanded the case for trial. See Haas v. Pittsburgh National Bank, 526 F.2d 1083 (3d Cir. 1975). On August 26, 1977, the district court approved a settlement of $2,760,000 in favor of the plaintiff class.
 
 
 3
 The fee petitioners, the named plaintiffs and their attorneys, filed a joint petition for attorneys' fees to be paid out of the settlement fund pursuant to Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973). The only member of the plaintiff class who objected to the fee request was the appellant, Brunwasser. The district court ordered that a fee hearing be held to determine whether the requested fee was reasonable. The court sua sponte appointed H. Woodruff Turner as counsel and guardian ad litem for the plaintiff class to assert any interest of the class that Brunwasser might not assert. In the district court's view, the guardian ad litem was considered necessary because:
 
 
 4
 (D)efendants do not participate in the fee determination proceedings. The unfortunate result is the necessity for the judge to assume the advocate's role left unfilled by the defendants' departure. The dilemma thereby created for the Court finds the judge playing "devil's advocate" on behalf of the disinterested defendants, while at the same time attempting to exercise his impartiality in making a just determination of reasonable fees. To require the judge to occupy an adversary position during the fee proceedings is highly inconsistent with his acknowledged duty to act as an impartial arbitrator. The appointment of a guardian for the class obviates this considerable problem of judicial schizophrenia.
 
 
 5
 The hearing finally began in January 1979 after a year and one half of preliminary hearings, motions, and discovery. During this period, as well as during the fee hearing itself, the atmosphere became quite tense and even hostile. The district judge denied the fee petitioners' motion to recuse on June 26, 1978. On May 24, 1979, however, the district judge sua sponte recused himself from presiding over the fee hearing.
 
 
 6
 The district judge's decision to recuse himself centered on a series of newspaper articles that questioned his attitude toward class actions and attorneys' fees awards. At the fee hearing, class member Brunwasser indicated that the fee petitioners may have been involved in an attempt to intimidate the district judge through this series of newspaper articles. The district judge recused himself because he felt it was not possible to render a decision and maintain the appearance of fairness. In his memorandum opinion and order dated May 24, 1979, he summarized his position:
 
 
 7
 Should fees be favorably awarded to the petitioners, the specter of the condemning news articles lurks in the background as a perceived cause. On the other hand, should the award of attorneys fees focus unfavorably upon the petitioners, it is a certainty that personal vengeance and retribution will lurk in the background as the perceived cause.
 
 
 8
 On June 7, 1979, two weeks after the district judge recused himself, appellant Brunwasser filed a petition to certify the recusal order under section 1292(b). On June 11, 1979, he filed an amendment to the certification petition that requested that an additional controlling question of law be included in the certification order. The district court certified this appeal under section 1292(b) on the same day. Under rule 5(a) of the Federal Rules of Appellate Procedure, a district court may amend an order at any time before final judgment to certify it under section 1292(b). See Braden v. University of Pittsburgh, 552 F.2d 948, 952 (3d Cir. 1977) (en banc). Therefore, both appellant Brunwasser's petition to certify and the district court's certification order were timely,[1] although we emphasize the practical importance of a very prompt certification of the type of issue here involved.
 
 II.
 
 9
 Initially, we must confront the question whether the district judge, after recusing himself, had jurisdiction to certify the question of his recusal under section 1292(b). In deciding this issue we need not reach the question whether he could have certified this appeal if another judge was exercising jurisdiction over the case when either the certification petition was filed or the certification order was entered. Although this case had been reassigned to another district judge on May 25, 1979, this judge had returned the case to the Clerk for reassignment on May 30, 1979. The case was not reassigned again until July 11, 1979. Therefore, when Brunwasser filed his petition for certification and when the district court entered the order of certification, no judge was assigned to the case. At least under these circumstances, we conclude that it was proper for the district judge who had recused himself to consider the petition for certification under section 1292(b).
 
 
 10
 To certify an appeal under section 1292(b), the judge who enters an order must determine that it involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (1976). The statute implies that the appropriate judge to certify an appeal under section 1292(b) is the judge who entered the order from which the appeal is being taken. Moreover, the district judge who enters a recusal order is in the best position to determine whether it involves questions that should be certified under section 1292(b). Therefore we conclude that a judge who recuses himself retains the power to certify the recusal order under section 1292(b).
 
 
 11
 The fee petitioners also challenge our jurisdiction to hear this appeal under section 1292(b). While the issue is not free from doubt, we think that, in essence, the controlling question of law directed to this court is whether it is impermissible for a district judge to recuse himself where he relies upon conduct by counsel, which he finds to be improper and to have created the appearance of unfairness, as the basis for his decision, and where he states that he can remain impartial. Because this question meets the criteria for certification under section 1292(b), see Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir.), cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974), we conclude that we properly have jurisdiction. We therefore will deny the fee petitioners' motion to dismiss this appeal.
 
 III.
 
 12
 Having decided that we have jurisdiction over this appeal, we now turn to the appellant's contention that the district judge's recusal order must be reversed. This court reviews a district court's action on recusal only for abuse of discretion. See Johnson v. Trueblood, 629 F.2d 287, (3d Cir. 1980). The district judge did not abuse his discretion in deciding that his continued involvement with the case would create the appearance of unfairness. Even if the allegations of improper conduct are true, which the fee petitioners vigorously deny, the district judge still may recognize that an appearance of bias has been created and recuse himself. There is support in the record for the district judge's finding that any decision he ultimately might render in this case would be perceived as unfair.
 
 
 13
 We do not hold that a district judge is required to recuse himself under these circumstances. Nor do we reach the question whether a judge may refuse to recuse himself solely because the appearance of unfairness has been created by the improper conduct of the parties or their counsel. We hold merely that the district judge did not abuse his discretion in deciding to recuse himself under the circumstances of this case.
 
 
 14
 Although the fee petitioners importune us to rule on certain matters affecting future proceedings in the district court, including the propriety of the appointment of the guardian ad litem,[2] we think that it is inappropriate to do so on this appeal, particularly in light of the fact that a new district judge has been assigned to preside over the fee hearing. Finally and most firmly, we do indicate the importance of bringing the attorneys' fees litigation to a prompt conclusion in the district court.
 
 
 15
 The order of the district court will be affirmed. The parties will bear their own costs.
 
 
 
 *
 Honorable Joseph S. Lord, III, Chief Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Although none of the parties contest the form of the district court's certification order, we note that it does not specifically purport to amend the recusal order. Under § 1292(b), the district court's statement that an order is certified because it involves a controlling question of law should be contained in the order which is being appealed, either in the order itself or as an amendment to such order. We therefore infer that the certification order was intended to amend the recusal order of May 24, 1979
 
 
 [2]
 The fee petitioners also moved to strike the appearance before this court of the guardian ad litem, because he has taken no appeal, and thus is not a proper party. Given our disposition of this appeal, we will dismiss that motion as moot